

12/15/2021

# Guidance for Employers on Equitable Implementation of COVID-19 Vaccine Requirements

**The New York City Commission on Human Rights is a resource to help employers strengthen their business, become more inclusive employers, and conform their employment practices to the New York City Human Rights Law (NYCHRL).**

As a result of the public health crisis posed by COVID-19 and the effectiveness of available vaccines against COVID-19 infection, many employers in New York City already require their employees to show proof of vaccination against COVID-19. Beginning December 27, 2021, most employees in New York City will be required to provide proof of vaccination against COVID-19 in order to enter their workplaces.

New York City employers with four or more employees are covered by the NYCHRL. This document provides guidance to covered employers on how to ensure equitable implementation of vaccine requirements for their employees, independent contractors, and interns.

### 1. PROHIBITION ON DISCRIMINATION

When implementing vaccine requirements, employers should take care that their policies and practices do not treat employees differently because of their race, national origin, disability, gender, religion/creed, age, or any other characteristic protected by the NYCHRL.

For example, employers should not:

- Scrutinize proof of vaccination more closely when it is provided by employees of a particular race, national origin, or religion based on the perception that people in those groups are less likely to be vaccinated;
- Require proof of vaccination only for older employees or employees with disabilities based on the belief that COVID-19 is more dangerous for them; or

Refuse to accept certain types of valid proof of vaccination, such as official immunization records from countries outside the United States or photographs of CDC vaccination cards.

### 2. REASONABLE ACCOMMODATIONS

When applying vaccine requirements, employers must consider requests for reasonable accommodations from employees who need them because of disability, pregnancy, childbirth, lactation, religious beliefs or observances, or status as a victim of domestic violence, stalking, or sex offenses. If an employee requests an exception to a vaccine requirement or additional time to provide their proof of vaccination for one of these reasons, their employer must engage with them in a cooperative dialogue, or a good faith discussion, to see if a reasonable accommodation is possible.

Reasonable accommodations can take many forms. For example, an unvaccinated employee could work remotely, submit to regular testing for COVID-19 infection and wear personal protective equipment, change their work station or work schedule to avoid close contact with coworkers or customers, and/or take a leave of absence. Employers do not have to grant any reasonable accommodation that would cause a direct threat to other employees or customers, or to the requester, or otherwise impose an undue hardship on the employer's business. Examples of accommodations that are likely to pose a direct threat include accommodations that would allow an unvaccinated employee to engage in a high-risk activity, such as yelling or exercising, while in close proximity to others, or to work in close proximity to high-risk individuals.

If there is no reasonable accommodation that would enable an unvaccinated employee to continue performing their job duties without posing a direct threat or an undue hardship, their employer can offer a leave of absence until the employee is able to provide proof of vaccination, or until it is otherwise safe for them to return to work. Employers do not need to pay employees during a leave of absence unless the employer pays other workers who are unable to work for similar reasons.





Employers responding to reasonable accommodation requests from employees regarding vaccine requirements should adhere to the following principles regarding whether and when to request supporting documentation:

- Employees who are seeking reasonable accommodations because of a disability, pregnancy, childbirth, or lactation can be asked to provide a note from their medical provider.

- Employees who are seeking reasonable accommodations because of their religious beliefs should not be required to submit supporting documentation unless their employer has an objective basis to question the sincerity of the religious basis for the employee's inability to show proof of vaccination. However, employees may be asked to explain the religious nature of their belief. Note that the NYCHRL protects not only employees who belong to organized religions, such as Buddhism, Christianity, Hinduism, Islam, and Judaism, but also employees who have religious, ethical, or moral beliefs that are sincerely held with the strength of religious views. The law does not protect social, political, or economic views, or personal preferences.

Employees who are seeking reasonable accommodations because of their status as a victim of domestic violence, sex offenses, or stalking can be asked to provide a note from a related service provider, such as a social worker, attorney, doctor, or clergy member, supporting their inability to show proof of vaccination.

## 3.     RETALIATION

Employers are prohibited from retaliating against employees because they requested an accommodation, opposed discrimination, or filed or assisted with a claim under the NYCHRL. Retaliation includes any action that is likely to discourage employees from exercising their rights. It covers not only firing or demoting an employee, but also, for example, assigning them to less favorable shifts or subjecting them to harassment.

**For additional information about your responsibilities as an employer under the NYCHRL, visit NYC.gov/HumanRights to learn more or sign up for a free workshop.**

12.20.21

**Guidance on Accommodations for Workers**

Per the December 13, 2021 Order of the Commissioner of Health workplaces are required to exclude staff who are not vaccinated and do not fit within exceptions provided by the Order no later than December 27, 2021.

Pursuant to Section 6 of that order, workers may apply for a Reasonable Accommodation to be exempt from this requirement. Reasonable accommodations may be granted for religious reasons and for documented medical reasons (including documented medical reasons relating to pregnancy).

In some cases it may be appropriate to allow a brief extension of time to be vaccinated for a person who is the victim of domestic violence, sex offenses or stalking. A claim for a reasonable accommodation on this basis should be supported by documentation from a social worker, clergy member or other professional who can confirm the worker's status as a victim.

Employers may deny accommodations that impose an undue burden on the employer. EEOC guidance states that whether undue hardship exists should be based on an analysis of several factors, including:

• the nature and cost of the accommodation needed;

• the overall financial resources of the facility making the reasonable accommodation; the number of persons employed at this facility; the effect on expenses and resources of the facility;

• the overall financial resources, size, number of employees, and type and location of facilities of the employer (if the facility involved in the reasonable accommodation is part of a larger entity);

• the type of operation of the employer, including the structure and functions of the workforce, the geographic separateness, and the administrative or fiscal relationship of the facility involved in making the accommodation to the employer;

• the impact of the accommodation on the operation of the facility.

The attached checklists are not legal advice. The checklists are intended to guide employers and managers in evaluating requests they may receive from workers for reasonable accommodations or exemptions from the requirement that they be vaccinated against COVID-19. It is not intended, nor is it a substitute for legal advice from a licensed attorney.

For more information about the reasonable accommodation process you can review the information provided by the [New York City Commission on Human Rights](#) and the [Equal Employment Opportunity Commission](#).

**MAINTAIN COPIES OF COMPLETED CHECKLISTS TO SERVE AS A RECORD FOR ANY EXEMPTIONS OR ACCOMMODATIONS THAT ARE GRANTED.**

12.20.21

**Accommodation for Medical Reasons**

All medical documentation must be from the worker's health care provider with a valid medical license. The below are circumstances found by the CDC and the New York City Department of Health and Mental Hygiene as worthy of medical exemption from vaccination:

1. A **Permanent** Medical Exemption may be granted if:

    Worker had a severe allergic reaction (for example, anaphylaxis or angioedema) after a previous dose or to a component of all three approved COVID-19 vaccines.

    Worker has a known diagnosed allergy to a component in all three approved COVID-19 vaccines.

2. A **Temporary** Medical Exemption may be granted if:

    Worker has presented medical documentation showing that they are within 90 days of monoclonal antibody or convalescent plasma treatment of COVID-19.

    Worker has presented medical documentation showing they recently underwent stem cell transplant, CAR Tcell therapy, or other therapy or treatment that would temporarily interfere with the worker's ability to respond adequately to vaccination, or mount an immune response due to treatment.

    Worker has Pericarditis or myocarditis.

The length of a temporary medical exemption will be determined on a case-by-case basis after considering the medical documentation. An employee will be required to be vaccinated at the end of the temporary period.

If any of the above boxes in 1 or 2 are checked, Worker may receive an accommodation and not be vaccinated.

**Accommodation**

    Weekly PCR testing for COVID-19 and Masking at all times when not eating or drinking. Any eating or drinking must occur at least six feet away from others.

    Telework or remote work that does not expose others to the accommodated worker.

    Leave of Absence.

    Other _____

    No accommodation is granted because the unvaccinated worker would likely pose a direct threat to themselves or others.

    No accommodation is granted because accommodation presents an undue burden on the employer.

Worker Name:_____      Date: _____

Temporary Accommodation Ends On: _____

Employer Representative: _____      Title: _____

12.20.21

## Accommodation for Religious Reasons

1. Is the request based <u>solely</u> on a personal, political, or philosophical preference?
   The government should not force people to get vaccines or interfere with medical decisions.
   This vaccine is not safe or ineffective.
   COVID is a hoax.
   Other expression of personal, political or philosophical belief _____
   _____

**If any of the above are the only basis for the accommodation request, Worker does not qualify for a religious accommodation.**

2. Is the request based on a sincerely held religious, moral, or ethical belief?
   Worker has explained/documented how the belief requires the worker not to be vaccinated.
     > Worker saying, for example, they practice a particular religion is not enough on its own.
     > A clergy letter is not required, but helpful and persuasive when the clergy is someone who has a personal relationship with the employee; Form letters or letters from out-of-town clergy who do not know the worker generally are not.
   The worker has not taken other kinds of vaccinations previously.
     >If worker has received other vaccines, they should explain why those vaccines were not against their religion.
   Worker says religious belief prevents them from allowing certain substances to enter their body.
     >If yes, the worker should list/describe other commonly used medicines, food/drink, or other substances that they do not allow to enter their bodies.
   _____
   Worker says that they cannot take the vaccine because it was developed and/or tested using fetal cells that the worker is concerned may have been the result of an abortion.
     >Does worker takes medications such as ibuprofen (Advil), acetaminophen (Tylenol), or any other medications similarly developed or tested using fetal cell derivative lines? Such behavior would be inconsistent with this religious belief and generally means the worker would be denied an accommodation.

**If any of the above are checked, Worker may qualify for a religious accommodation.**

### Accommodation

   Weekly PCR testing for COVID-19 and Masking at all times when not eating or drinking. Any eating or drinking must occur at least six feet away from others.
   Telework or remote work that does not expose others to the accommodated worker.
   Leave of Absence.
   Other _____
   No accommodation is granted because the unvaccinated worker would likely pose a direct threat to themselves or others.
   No accommodation is granted because accommodation presents an undue burden on the employer.

Worker Name:_____ Date: _____

Employer Representative: _____ Title: _____