**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STEPHANIE GRIMES,

                                    Plaintiff,

            - against -

THE NEW YORK AND PRESBYTERIAN
HOSPITAL,

                                    Defendant.

---

Case No. 1:23-CV-00652-MKV

**REPLY IN FURTHER SUPPORT OF DEFENDANT THE NEW YORK
PRESBYTERIAN HOSPITAL'S MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

1285 Avenue of the Americas
New York, New York
10019-6064

*Counsel for Defendant The New York
Presbyterian Hospital s/h/a The New York
And Presbyterian Hospital*

<u>**TABLE OF CONTENTS**</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ........................................................................................................................2

I.    The Court Should Disregard All New Facts, Exhibits and Legal Arguments Introduced in the Declarations Submitted with Plaintiff's Opposition ...............................2

II.    Plaintiff Fails to Rebut That She Does Not Plead Facts Sufficient to State a Religious Discrimination Claim under Title VII ....................................................3

        A.    Plaintiff Does Not Rebut the Hospital's Showing That Her Purported Religious Objection to Vaccination Conflicted with a State Law Requirement ....................................................................................3

        B.    None of Plaintiff's Allegations Plausibly Show that Any Adverse Action Was Taken "Because of" Her Purported Religious Beliefs ...................................4

        C.    Plaintiff Fails to Rebut the Hospital's Argument That the Law Does Not Require It to Accommodate Plaintiff by Violating the DOH Mandate or Excusing Her From Her Essential Job Duties ............................................4

        D.    Plaintiff Fails to Rebut the Hospital's Argument That She Has Failed to State a Claim for Failure to Engage in the Interactive Process ...............................5

III.    Plaintiff Fails to Rebut That She Does Not Plead Facts Sufficient to State a Claim under the ADA ................................................................................5

        A.    Plaintiff Fails to Rebut that She Does Not Plead Facts Demonstrating that She Was Discriminated Against Because of Her Purported Disability ...................5

        B.    Plaintiff Fails to Rebut That She Does Not Plead Facts Demonstrating That the Hospital Failed to Engage in an Interactive Process or Failed to Accommodate ..............................................................................7

        C.    Plaintiff Fails to Rebut That the Hospital's Inquiries about Her Alleged Disability Were Lawful and That No Confidential Medical Information Was Disclosed .........................................................................8

IV.    Plaintiff Fails to Rebut That She Does Not Plead Facts Sufficient to State a Claim under the ADEA ...............................................................................9

V.    Plaintiff Fails to Rebut That She Has Failed to State a Claim for Hostile Work Environment, Retaliation, or Intentional Infliction of Emotional Distress .........................9

CONCLUSION ...................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Algarin* v. *NYC Health + Hosps. Corp.*,
   2023 WL 4157164 (S.D.N.Y. June 23, 2023) ...........................................................................1

*ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007)...............................................................................................................2

*Cagle* v. *Weill Cornell Med.*,
   2023 WL 4296119 (S.D.N.Y. June 30, 2023) ...............................................................1, 5, 10

*Clark* v. *Kitt*,
   12-CV-8061 CS, 2014 WL 4054284 (S.D.N.Y. Aug. 15, 2014)...............................................3

*Corrales* v. *Montefiore Med. Ctr.*,
   2023 WL 2711415 (S.D.N.Y. Mar. 30, 2023) ...........................................................................1

*Cortec Indus., Inc.* v. *Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991)...............................................................................................................2

*Dennison* v. *Bon Secours Charity Health Sys. Med. Grp., P.C.*,
   2023 WL 3467143 (S.D.N.Y. May 15, 2023) ........................................................................1, 5

*Dipinto* v. *Westchester Cnty.*,
   2020 U.S. Dist. LEXIS 193115 (2020)...........................................................................................7

*Does 1-2* v. *Hochul*,
   632 F. Supp. 3d 120 (E.D.N.Y. 2022) ...........................................................................................4

*Dreibelbis* v. *County of Berks*,
   438 F. Supp. 3d 304 (E.D. Pa. 2020) ............................................................................................6

*Groff v. DeJoy,*
   2023 WL 4239256, at \*10 (U.S. June 29, 2023) ....................................................................5

*Hurst* v. *The Lilly Co.*,
   2017 U.S. Dist. LEXIS 184906 (2017)...........................................................................................8

*Hurst* v. *Lilly Co.*,
   2017 WL 5180434 (E.D. Tenn. Nov. 8, 2017) ...........................................................................8

*Julius* v. *Dep't of Human Res. Admin.*,
   2010 WL 1253163 (S.D.N.Y. Mar. 24, 2010) ...........................................................................7

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Lively* v. *WAFRA Inv. Advisory Grp., Inc.*,
   6 F.4th 293 (2d Cir. 2021) ...................................................................9

*Lowman* v. *NVI LLC*,
   821 F. App'x 29 (2d Cir. 2020) ...........................................................4

*Marquez* v. *Starrett City Assocs.*,
   406 F. Supp. 3d 197 (E.D.N.Y. 2017) .................................................6

*Peacock* v. *Suffolk Bus Corp.*,
   100 F. Supp. 3d 225 (E.D.N.Y. 2015) .................................................2

*Riley* v. *NYC Health & Hosp. Corp.*,
   2023 WL 2118073 (S.D.N.Y. Feb. 17, 2023).......................................1

*Robinson* v. *Children's Hosp. Bos.*,
   2016 WL 1337255 (D. Mass. Apr. 5, 2016) .........................................4

*Rouse* v. *City of New York*,
   2009 WL 1532054 (S.D.N.Y. June 2, 2009) ........................................9

*Shahid-Ikhlas* v. *NY & Presbyterian Hosp.*,
   2023 WL 3628151 (S.D.N.Y May 24, 2023) ....................................1, 5

*Shannon* v. *New York City Transit Auth.*,
   332 F.3d 95 (2d Cir. 2003)...................................................................4

*Sharikov* v. *Philips Med. Sys. MR, Inc.*,
   2023 WL 2390360 (N.D.N.Y. Mar. 7, 2023) .......................................6

*We The Patriots USA, Inc.* v. *Hochul ("We The Patriots I")*,
   17 F.4th 266 (2d Cir. 2021) .................................................................4

*Wright* v. *Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998)................................................................2

**Statutes, Rules, and Regulations**

Age Discrimination in Employment Act ............................................... *passim*

Americans with Disabilities Act (42 U.S.C. § 12112 *et seq.*) ............ *passim*

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) ............... *passim*

Federal Rule of Civil Procedure 12(b)(6) ......................................................3

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (DOH Mandate) ............................................. *passim*

**Other Authorities**

*EEOC, What You Should Know About COVID-19 and the ADA, the
Rehabilitation Act, and Other EEO Laws*, available at
https://www.eeoc.gov/wysk/what-you-should-know-about-covid19-and-ada-
rehabilitation-act-and-other-eeo-laws ........................................................................................ 5

Defendant The New York Presbyterian Hospital s/h/a The New York And Presbyterian Hospital ("NYPH" or the "Hospital") respectfully submits this Reply in further support of its Motion to Dismiss the Amended Complaint (the "AC"),[1] in its entirety.

## PRELIMINARY STATEMENT

Plaintiff is a former Quality Management Specialist who is challenging actions taken by NYPH to comply with the New York Department of Health regulation requiring healthcare workers to be vaccinated against COVID-19 (the "DOH Mandate").  As the Hospital demonstrated in its Motion, Plaintiff's claims consist of nothing more than conclusory assertions unsupported by plausible factual allegations demonstrating any religious, disability-related, or ageist animus or conduct, and are foreclosed by established Second Circuit law.

No arguments raised by Plaintiff in her Opposition can salvage her meritless claims of religious, disability, or age discrimination.  Nor do, or can, those arguments alter the fact that, even accepting the allegations in the AC as true, Plaintiff fails to state claims upon which relief can be granted as a matter of law.  Numerous courts in this district have dismissed discrimination claims brought by covered healthcare workers, like Plaintiff, who have chosen not to comply with the DOH Mandate—a requirement applicable to all patient and staff-facing healthcare workers who can safely be vaccinated, regardless of whether they have religious or non-religious objections to vaccination—and who insist that their employers should have accommodated their religious objections by violating state law.[2]  This case is no different.

---

[1]    The Hospital incorporates herein all defined terms and abbreviations used in its moving papers.  Citations to "Mem." refer to the Hospital's Memorandum of Law in Support of its Motion to Dismiss.  Citations to "Opp." or "Opposition" refer to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

[2]    *See, e.g.*, *Cagle* v. *Weill Cornell Med.*, 2023 WL 4296119 (S.D.N.Y. June 30, 2023); *Algarin* v. *NYC Health + Hosps. Corp.*, 2023 WL 4157164 (S.D.N.Y. June 23, 2023); *Shahid-Ikhlas* v. *NY & Presbyterian Hosp., Inc.*, 2023 WL 3628151 (S.D.N.Y. May 5, 2023), *R & R adopted* 2023 WL 3626435 (S.D.N.Y May 24, 2023); *Dennison* v. *Bon Secours Charity Health Sys. Med. Grp., P.C.*, 2023 WL 3467143 (S.D.N.Y. May 15, 2023); *Corrales* v. *Montefiore Med. Ctr.*, 2023 WL 2711415 (S.D.N.Y. Mar. 30, 2023); *Riley* v. *NYC Health & Hosp. Corp.*, 2023 WL 2118073 (S.D.N.Y. Feb. 17, 2023).

Accordingly, and for the reasons that follow, the AC should be dismissed in its entirety without leave to replead.

## ARGUMENT

### I.     The Court Should Disregard All New Facts, Exhibits and Legal Arguments Introduced in the Declarations Submitted with Plaintiff's Opposition

Plaintiff's Opposition purports to introduce new facts not alleged in her AC, as well as a host of additional exhibits.  As a threshold matter, the Court should disregard all facts introduced for the first time in the Opposition and the accompanying Grimes and Miletti declarations and exhibits.  *See, e.g.*, *Wright* v. *Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (a party may not amend its complaint through statements made in opposition to motion to dismiss); *Peacock* v. *Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (a plaintiff cannot assert new facts or theories for the first time in opposition to a motion to dismiss).

Plaintiff argues that she may rely on "documents possessed by or known to the plaintiff and upon which [she] relied in bringing the suit," in opposing the Hospital's Motion.  Opp. at 24–25.  In support of this argument, Plaintiff relies on a single case, *ATSI Commc'ns, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  But the *Shaar* line of cases is completely inapplicable here.  These cases are confined to actions for securities fraud and the even narrower scenario where a plaintiff "chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint."  *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).  In such a situation, "the *defendant* may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure."  *Id.* (emphasis added).  If such documents are produced and relied upon by the *defendant* in attacking the complaint, the plaintiff may then reference those same documents in her opposition and the court may properly

consider them on a motion to dismiss. *Id.* *Shaar* does not support Plaintiff's improper attempt to expand the record on this 12(b)(6) motion and it does not save Plaintiff's deficient pleading.

Plaintiff's Counsel also included nearly eleven pages of additional arguments in his declaration in a blatant attempt to evade this Court's individual rules of practice. Courts in this Circuit do not permit legal argument in a declaration, and reject such tactics. *See, e.g.*, *Clark* v. *Kitt*, 2014 WL 4054284, at *7 (S.D.N.Y. Aug. 15, 2014), *aff'd*, 619 Fed. Appx. 34 (2d Cir. 2015) (declining to consider a declaration submitted with plaintiff's opposition to the motion to dismiss because "[t]he declaration consists almost entirely of factual assertions that cannot be considered on a motion to dismiss" and the Court could not "allow counsel to bypass the page limits on memoranda of law by submitting additional argument in the form of a sworn declaration"). Accordingly, the Court should disregard those portions of the Miletti Declaration that purport to serve as a Preliminary Statement or Summary of Arguments (ECF 26-1, ¶¶ 5–35).

## II.    Plaintiff Fails to Rebut That She Does Not Plead Facts Sufficient to State a Religious Discrimination Claim under Title VII

As demonstrated in Defendant's Motion (Mem. at 9–15), Plaintiff's religious discrimination claims under Title VII and NYSHRL fail as a matter of law and pleading.

### A.    Plaintiff Does Not Rebut the Hospital's Showing That Her Purported Religious Objection to Vaccination Conflicted with a State Law Requirement

Plaintiff does not and cannot overcome Defendant's showing that her religious objection to vaccination conflicted with a state law requirement, and that her religious discrimination claim therefore fails as a matter of law. As demonstrated in Defendant's Motion, the DOH Mandate expressly permitted medical exemptions but not religious exemptions for covered personnel. Mem. at 4–6; 9–10. Second Circuit caselaw confirms this.[3]

---

[3]    *See We The Patriots USA, Inc.* v. *Hochul ("We The Patriots I")*, 17 F.4th 266, 272 (2d Cir. 2021) ("The [DOH Mandate] establishes a medical exemption to the vaccination requirement, but—consistent with New York's

**B.  None of Plaintiff's Allegations Plausibly Show that Any Adverse Action Was Taken "Because of" Her Purported Religious Beliefs**

Plaintiff spills much ink in her Opposition arguing that this Court should apply a "motivating factor" standard rather than a "because of" standard when analyzing whether Plaintiff has stated a claim of religious discrimination under Title VII.  None of this matters, however, because Plaintiff has failed to allege any facts whatsoever demonstrating religious animus.  To the contrary, the allegations of the AC and documents incorporated by reference demonstrate that the Hospital *permitted* religious exemptions and *granted* Plaintiff a religious exemption until it was prohibited from doing so by state law.  Compl. ¶¶ 28–29, 34, 38.

**C.  Plaintiff Fails to Rebut the Hospital's Argument That the Law Does Not Require It to Accommodate Plaintiff by Violating the DOH Mandate or Excusing Her From Her Essential Job Duties**

Here, the only potential accommodations available to the Hospital under the circumstances were to (1) violate state law, or (2) create a new, fully remote position for Plaintiff by altering her essential job functions which required in-person attendance on-site at Hospital facilities.  Mem. at 11–14.  As demonstrated in Defendant's Motion, these accommodations constitute undue hardship as a matter of well-established law.[4]  Plaintiff's argument that the Hospital could not properly

---

prior vaccination requirements for healthcare workers—does not include an exemption based on religious belief."), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021), *and cert. denied sub nom.*, *Dr. A.* v. *Hochul*, 142 S. Ct. 2569 (2022).

[4]  *See Lowman* v. *NVI LLC*, 821 F. App'x 29, 31–32 (2d Cir. 2020) (affirming the district court's dismissal of Title VII religious discrimination claim on the ground that the accommodation sought would have caused the employer to violate federal law and subject the employer to potential penalties); *Does 1-2* v. *Hochul*, 632 F. Supp. 3d 120, 145 (E.D.N.Y. 2022) (dismissing Title VII claims because granting requested accommodations would have violated the DOH Mandate); *Shannon* v. *New York City Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003) ("A reasonable accommodation can never involve the elimination of an essential function of a job."); *Robinson* v. *Children's Hosp. Bos.*, 2016 WL 1337255, at *8 (D. Mass. Apr. 5, 2016) (the law does "not obligate[] [employers] to create a position to accommodate an employee's religious beliefs.").  *See also EEOC, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* at D.15 (last updated May 15, 2023), available at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (just because an employer has, at times, "chose[n] to permit telework, does not mean that the employer permanently changed a job's essential functions, that telework is always a feasible accommodation, or that it does not pose an undue hardship.").

consider the risk of incurring regulatory enforcement penalties if it permitted Plaintiff to work on-site unvaccinated has been repeatedly rejected by courts in this district.[5]  Accordingly, the undue hardship that would befall the Hospital by accommodating Plaintiff's exemption request would have been "substantial" under *Groff v. DeJoy*, 143 S. Ct. 2279, 2294 (2023).

### D.   Plaintiff Fails to Rebut the Hospital's Argument That She Has Failed to State a Claim for Failure to Engage in the Interactive Process

Plaintiff concedes that she has not stated a claim for failure to engage in the interactive process with respect to her religious accommodation request.  Opp. at 15–16; *contra* Compl. ¶ 137. With respect to her disability-related claim, Plaintiff has entirely failed to rebut Defendant's authority showing that failure to engage in the interactive process does not constitute an independent cause of action under Title VII.[6]

### III.   Plaintiff Fails to Rebut That She Does Not Plead Facts Sufficient to State a Claim under the ADA

Plaintiff fails to rebut that she does not plead facts demonstrating that (1) she was discriminated against *because of* her purported disability, (2) the Hospital failed to engage in an interactive process, and (3) the Hospital  impermissibly inquired about Plaintiff's disability or impermissibly disclosed Plaintiff's confidential medical information.

### A.   Plaintiff Fails to Rebut that She Does Not Plead Facts Demonstrating that She Was Discriminated Against Because of Her Purported Disability

As stated in Defendant's Motion, in order to state a claim for discrimination under the ADA, among other elements, Plaintiff must plausibly plead that she suffered an adverse employment action *because of* her disability or perceived disability, and, specifically, that the

---

[5]    *Cagle*, 2023 WL 4296119, at *4 (courts in this district "have uniformly rejected claims that an employer is required by Title VII to accommodate a request for a religious exemption from the Mandate at the cost of violating Section 2.61 and thus New York law."); *Shahid-Ikhlas*, 2023 WL 3628151, at *5 (finding undue hardship as a matter of law where accommodation would require Defendant to violate the law); *Dennison*, 2023 WL 3467143, at *5 ("Title VII cannot be used to require employers to break the law.").

[6]    *See Shahid-Ikhlas*, 2023 WL 3628151, at *6 (citing *Sheng* v. *M&T Bank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017)).

Hospital acted with discriminatory intent.  Mem. at 15–16.  Plaintiff fails to rebut that she has not pled facts showing that the Hospital terminated her employment with intent to discriminate against her on the basis of any disability.

In her Opposition, Plaintiff asserts that she pled facts sufficient to state an ADA claim because (1) the Hospital is subject to the ADA, (2) Plaintiff suffers from psoriasis, an autoimmune condition, (3) Plaintiff was able to perform her job duties without any detriment, and (4) Plaintiff was terminated from her position.  Opp. at 17–18.  However, Plaintiff fails to allege any facts plausibly demonstrating discriminatory intent, without which her ADA claim must be dismissed.[7]

Plaintiff's ADA claim fails for the independent reason that the Complaint's allegations do not demonstrate that Plaintiff ever informed the Hospital about any purported disability.  Compl. ¶ 61; Exs. J, K.  Nor do the AC's allegations demonstrate that Plaintiff had a qualifying disability within the meaning of the ADA, as the Hospital showed in its Motion.  Mem. at 17–18.

Plaintiff's reliance on *Dreibelbis* v. *County of Berks*, 438 F. Supp. 3d 304 (E.D. Pa. 2020) does not save her deficient ADA claim.  The *Dreibelbis* court found that the plaintiff met her burden as to the issue of causation because she alleged in her complaint that her employer "often treated her past requests for leave due to her disability with antagonism and expressed this antagonism with a notation . . . on a form approving a request for FMLA leave."  438 F. Supp. 3d at 315.  Unlike the plaintiff in *Dreibelbis*, Plaintiff's AC included no facts suggesting that the Hospital knew of her disability or that it ever treated her differently based on a disability.  To the

---

[7]    *Sharikov* v. *Philips Med. Sys. MR, Inc.*, 2023 WL 2390360, at *10 (N.D.N.Y. Mar. 7, 2023) (dismissing ADA claim where hospital's COVID-19 policy was distributed to and applied to all employees and all unvaccinated employees without an exemption were deemed to have voluntarily resigned); *Marquez* v. *Starrett City Assocs.*, 406 F. Supp. 3d 197, 207 (E.D.N.Y. 2017) (courts routinely dismiss disability discrimination claims where the complaint is bereft of facts "to support an inference that the[] employment actions were motivated by Plaintiff's disability," such as "allegations that supervisors made comments regarding Plaintiff's disability, changed Plaintiff's responsibilities based on h[er] alleged disability, or took any other action based on Plaintiff's alleged disability").

contrary, Plaintiff acknowledges that she did not share information about her disability with the Hospital,[8] and that she was repeatedly informed that it was because of her refusal to comply with the vaccine mandate that she was being separated.  Compl. ¶¶ 22, 31, 36, 38, 59–63.

**B.  Plaintiff Fails to Rebut That She Does Not Plead Facts Demonstrating That the Hospital Failed to Engage in an Interactive Process or Failed to Accommodate**

As demonstrated in Defendant's Motion, Mem. at 18, the Hospital cannot be liable for failure to engage in an interactive process or for failure to accommodate under the ADA where the employee causes the breakdown of the interactive process.  *See Julius* v. *Dep't of Human Res. Admin.*, 2010 WL 1253163, at *10 (S.D.N.Y. Mar. 24, 2010).  Here, Plaintiff admits that she did not share information about her purported disability with the Hospital.  Compl. ¶¶ 22, 59–63.  This defeats her claim.

For the same reason, Plaintiff's reliance on *Dipinto* v. *Westchester County* is unavailing. While, in *Dipinto*, the court noted that an ADA Plaintiff need only "provide[] the employer with enough information that . . . the employer can be fairly said to know of both the disability and desire for accommodation." 2020 WL 6135902 at *6 (S.D.N.Y. Oct. 19, 2020).[9]  Here, Plaintiff admits that she did not provide *any* information to the Hospital about her purported disability. Compl. ¶¶ 22, 59–63.

Contrary to Plaintiff's assertion that the Hospital "did absolutely nothing and simply ignored Plaintiff's multiple requests," Opp. at 21, the facts alleged by the Plaintiff in the AC, as

---

[8]   Plaintiff's Opposition states that she provided Defendant a note from her physician describing her medical condition, dated September 15, 2021.  Opp. at 17.  The AC contains no such allegation.  To the contrary, the AC makes clear that Plaintiff refused to share this information with NYPH prior to her termination.  Compl. ¶¶ 22, 30, 59–63.  Regardless, the DOH Mandate permitted a medical exemption only "[i]f any licensed physician or certified nurse practitioner certifies that immunization with COVID-19 vaccine is detrimental to the health of [the employee], based upon a pre-existing health condition."  N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61(d)(1) (2021). "The nature and duration of the medical exemption must be stated in the personnel employment medical record, or other appropriate record, and must be in accordance with generally accepted medical standards[.]" *Id.* (emphasis added).  Plaintiff's alleged condition is not contraindicated for the COVID-19 vaccine.
[9]   Cited by Plaintiff as *Dipinto* v. *Westchester Cnty.*, 2020 U.S. Dist. LEXIS 193115 (2020).

well as documents incorporated by reference therein, reflect the Hospital's multiple attempts to engage in an interactive process with Plaintiff, which she repeatedly rebuffed.

Moreover, Plaintiff's claim fails for another independent reason that the alleged failure to engage in the interactive process does not constitute an independent cause of action under the ADA. Plaintiff cites only one case for the proposition that failure to engage in the interactive process can constitute an independent violation under the ADA, *Hurst* v. *Lilly Co.*, 2017 WL 5180434 (E.D. Tenn. Nov. 8, 2017).[10] This out-of-circuit case is entirely inapposite. The *Hurst* court noted that "failure to engage in the interactive process is only an independent violation of the ADA if the plaintiff establishes a prima facie showing that he proposed a reasonable accommodation[.]" *Id.* at *9. That is not the case here. Plaintiff's only proposed accommodation was to permit her to continue working unvaccinated in a role that would periodically require her to interact with other staff members, in violation of state law. Here, Plaintiff has pled no facts (and, indeed, cannot do so) demonstrating that she proposed a reasonable accommodation.

C. **Plaintiff Fails to Rebut That the Hospital's Inquiries about Her Alleged Disability Were Lawful and That No Confidential Medical Information Was Disclosed**

While Plaintiff's Opposition mischaracterizes the Hospital's attempts to engage in an interactive dialogue as an impermissible inquiry into Plaintiff's medical condition, Opp. at 23, as the Hospital demonstrated in its Motion, the law is clear that disability-related inquiries that follow up on a request for an accommodation when the disability is not known or obvious are appropriate and consistent with business necessity. Mem. At 19. As for Plaintiff's claim that the Hospital impermissibly disclosed her medical information, it is undermined by her own allegations that the Hospital was not made aware of Plaintiff's medical condition. Compl. ¶ 61.

---

[10]   Cited by Plaintiff as *Hurst* v. *The Lilly Co.*, 2017 U.S. Dist. LEXIS 184906 (2017).

**IV.     Plaintiff Fails to Rebut That She Does Not Plead Facts Sufficient to State a Claim under the ADEA**

As explained in Defendant's Motion, in order to state a claim for discrimination under the ADEA, Plaintiff must plausibly allege that she "would not have been terminated but for [her] age." *Lively* v. *WAFRA Inv. Advisory Grp., Inc*., 6 F.4th 293, 303 (2d Cir. 2021); *see also* Mem. at 20–22.  In her opposition, Plaintiff asserts that the fact that her position was filled by employees who are under 40 years old and less experienced, creates a plausible inference that the Hospital was motivated by Plaintiff's age.  Opp. at 26.  But Plaintiff's age discrimination claim is entirely undermined by the allegations of the AC, which make clear that she was terminated for failing to comply with the state law vaccine requirement.  Complaint ¶¶ 53, 58, 66.  Indeed, the AC contains no allegations whatsoever demonstrating any animus towards Plaintiff on account of her age.

Nor does *Rouse* v. *City of New York*, 2009 WL 1532054 (S.D.N.Y. June 2, 2009), cited in Opp. at 26, which was a failure to promote case, save Plaintiff's age discrimination claim.  In *Rouse*, while the court noted that while the plaintiff's greater experience could lead a jury to conclude that he was qualified for the promotion, "seniority is not a sufficiently accurate indicator of age . . . [to] alone support an inference of age discrimination."  *Id.* at *6.  Furthermore, in denying summary judgment on one of the plaintiff's age discrimination claims, the *Rouse* court relied in part on the employer's own admission that the employee who received the promotion was hired in part because he was "young and energetic."  *Id*. at *7.  Here, there are no allegations plausibly demonstrating that Plaintiff's separation had anything whatsoever to do with her age.

**V.     Plaintiff Fails to Rebut That She Has Failed to State a Claim for Hostile Work Environment, Retaliation, or Intentional Infliction of Emotional Distress**

Plaintiff's Opposition completely fails to rebut the Hospital's showing that she has not pled sufficient facts to state claims for hostile work environment, retaliation, or intentional infliction of emotional distress ("IIED").  Plaintiff merely asserts that her pleadings contain an "exorbitant

amount of specificity," while seeking to improperly incorporate new facts introduced in her Opposition and accompanying declarations. Yet, as Defendant's Motion demonstrates, Plaintiff's complaint is woefully deficient with respect to these claims. Mem. at 22–25.

With respect to Plaintiff's hostile work environment claim, Plaintiff's allegations amount to nothing more than criticisms over the Hospital's reminders about compliance with the DOH Mandate. Compl. ¶¶ 34, 57. Plaintiff's conclusory assertions do not remotely allege "severe or pervasive" hostility motivated by religious animus, as the law requires. Mem. at 22–23. To the contrary, the AC demonstrates that the Hospital was complying with a health requirement imposed by state law. Mem. at 22–23. Nor does anything in Plaintiff's Opposition salvage her deficient retaliation claims. As the Hospital demonstrated in its Motion, Plaintiff's AC is bereft of allegations that she engaged in any protected activity with regard to her ADEA claim or that the decision to separate her from employment with the Hospital had any causal link to any protected activity with regard to her Title VII or ADA claims. Mem. at 23–24.

Finally, Plaintiff cannot rebut the Hospital's showing that none of the conduct alleged in the AC remotely suffices to state an IIED claim. Mem. at 24–25. Indeed, a court in this district has recently dismissed an IIED claim brought by another plaintiff challenging employer compliance with the DOH Mandate. *Cagle.*, 2023 WL 4296119 at *6 (rejecting IIED claim where the allegations in the Complaint "establish that [the defendant] acted with the intent to comply with the law."). This Court should do the same.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant NYPH's Motion to Dismiss should be granted and Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated: August 22, 2023          Respectfully submitted,
       New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Liza M. Velazquez*

Michael E. Gertzman
Liza M. Velazquez
Gregory F. Laufer
Leah J. Park
1285 Avenue of the Americas
New York, New York 10019-6064
Phone:  (212) 373-3096
Fax:  (212) 492-0096
mgertzman@paulweiss.com
lvelazquez@paulweiss.com
glaufer@paulweiss.com
lpark@paulweiss.com

*Counsel for Defendant The New York Presbyterian Hospital s/h/a The New York And Presbyterian Hospital*